**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph F. MERLO, Defendant-Appellant.**

**No. 81–3472.**

United States Court of Appeals,
Sixth Circuit.

Argued March 7, 1983.

Decided April 11, 1983.

Rehearing and Rehearing En Banc
Denied June 3, 1983.

Bernard Berkman, George Palda (argued), Berkman, Gordon, Murray & Palda, Cleveland, Ohio, for defendant-appellant.

Mitchell Ehrenberg, Asst. U.S. Atty., Cleveland, Ohio, for plaintiff-appellee.

Before EDWARDS, Chief Judge, WEICK and CELEBREZZE, Senior Circuit Judges.

---

PER CURIAM.

After a waiver of jury trial, defendant Merlo was convicted before then District Judge Leroy Contie, on three counts of evasion of the federal wagering excise tax under 26 U.S.C. § 4401 and willful failure to register and pay the annual occupational tax required by 26 U.S.C. §§ 4411 and 4412 in violation of 26 U.S.C. § 7201. Appellant Merlo was sentenced to two year terms on each of the three convictions (to be served concurrently) and a fine of $10,000 on each of the said convictions (to be levied consecutively).

The facts in this case show beyond a doubt that Merlo was the principal operator of a gambling operation operated at apartment 102, 208 North Portage Path, Akron, Ohio. Appellant's appeal in this case involves a contention that the present federal wagering excise tax laws 26 U.S.C. §§ 4401, 4411 and 4412 and 26 U.S.C. § 7201 as amended by 26 U.S.C. § 4424 represent a violation of the protections described in the Fifth Amendment to the Constitution of the United States.

Merlo's second attack upon his convictions involves his claim that the search warrant under which the apartment referred to above was searched was invalid and that the search of the car parked in front of that house, based on written consent of the owner, was invalid likewise.

The first issue presented by appellant represents a claim that the federal wagering tax statutes cited previously violate his Fifth Amendment rights not to be "compelled in any criminal case to be a witness against himself." The argument advanced by appellant under this heading was successfully made in *Marchetti v. United States,* 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and *Grosso v. United States,* 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968).

Much water however has flowed under many bridges since those two cases came down and Congress has made several amendments designed to correct the Fifth Amendment deficiencies previously found by the Supreme Court. These have been outlined and accepted by the Second Circuit in *United States v. Sahadi,* 555 F.2d 23 (2d Cir.1977) and by the Fifth Circuit in *United States v. Jeffers,* 621 F.2d 221 (5th Cir.1980) and *United States v. Haydel,* 649 F.2d 1152 (5th Cir.1981).

■ We agree with these two Circuits that "the 1974 revisions and the concomitant change in Treasury Department practices have eliminated the 'real and appreciable' hazards of self-incrimination that existed under the prior law since Section 4244 makes the tax disclosures unavailable to law enforcement authorities." *United States v. Jeffers,* 621 F.2d at 225–226.

We turn now to the appellate issues presented concerning search and seizure. At the outset we notice that the apartment which was searched was rented and lived in by one Horvath and not by appellant Merlo. Additionally, the car which was searched belonged to Horvath who signed written consent to the search before it was performed.

■ Reviewing the facts of this case against the "legitimate expectation of privacy" standard of *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) and *United States v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), we do not find facts which place appellant Merlo in an appropriate position to attack his convictions on Fourth Amendment grounds. He did not rent or live in the house nor did he own or have possession of the automobile. Further, we do not find the fact that he was undoubtedly Horvath's superior in the operation of the betting conspiracy served automatically to convey to him the rights of privacy in the apartment and in the car which Horvath undoubtedly could have asserted.

■ Additionally, we have reviewed appellant's attack upon the search warrant for the apartment. Our review indicates that the search warrant was based upon lawfully acquired facts which constituted probable cause. The record supports Judge Contie's holding that Horvath voluntarily signed the consent form for the search of his automo-

bile. Judge Contie found Sergeant Lauer's testimony on Horvath's coercion claim to be more credible than Horvath's testimony. The lower court pointed out that after the search Horvath acknowledged his preceding belief that there was nothing in the car. This tends to support the voluntariness of his submission to a search that he thought would yield no evidence.

For these reasons, the judgment and sentences entered by the District Court are hereby affirmed.