UNITED STATES of America,
Plaintiff-Appellee,

v.

ONE 1980 CADILLAC ELDORADO and Forty-Three Thousand Dollars (43,000) United States Currency, Defendants-Appellants.

No. 82–1237.

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs March 24, 1983
Pursuant to Rule 9(a).

Decided April 28, 1983.

Richard H. Zatkin, Remer, Zatkin & Green, Southfield, Mich., for defendants-appellants.

Leonard R. Gilman, U.S. Atty., Karl Overman, Asst. U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Before MERRITT and WELLFORD, Circuit Judges and BROWN, Senior Circuit Judge.

PER CURIAM.

The defendants appeal from a judgment of forfeiture as provided under 21 U.S.C. § 881(a)(4) and (6). The case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit, which upon examination of the briefs and record, agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.

On August 7, 1981, the United States filed a complaint for forfeiture alleging that the defendant car and $43,000 were subject to forfeiture because both were intended to be used to facilitate the possession and transportation of cocaine. After a hearing on the matter, the district judge found that the United States had established probable cause to believe that the 1980 Cadillac Eldorado and $43,000 were intended for such use and, therefore, subject to forfeiture.

The defendants brought this appeal in which they raise the sole contention that the substance presented for sale by the undercover agent was really sham cocaine and contained no controlled substance. They argue that, because a controlled substance was not present during the sale, the forfeiture provisions should not apply.

The pertinent sections of 21 U.S.C. § 881(a) which describe those items subject to forfeiture are as follows:

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are *intended for use,* to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2),

. . . . .

(6) All moneys, negotiable instruments, securities, or other things of value furnished or *intended to be furnished* by any person in exchange for a controlled substance in violation of this subchapter, .... (emphasis added)

We agree with the district judge that intent is the determining factor, not the actual presence of a controlled substance. *See United States v. One 1977 Cadillac Coupe DeVille,* 644 F.2d 500 (5th Cir.1981); *United States v. One 1974 Cadillac Eldorado Sedan,* 548 F.2d 421 (2nd Cir.1977); *cf. United States v. Eighty-eight Thousand, Five Hundred Dollars,* 671 F.2d 293 (8th Cir.1982). It is clear from the evidence that the car and the money were "intended," in the language of the statute, to be used "to facilitate" the drug transaction, and hence the property in question is subject to forfeiture.

Accordingly, the judgment of the district court is affirmed. Rule 9(d)3, Rules of the Sixth Circuit.