762 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
THIRTY-FOUR THOUSAND FOUR HUNDRED EIGHT DOLLARS ($34,408) IN
CURRENCY OF THE UNITED STATES OF AMERICA,
DEFENDANT-APPELLEE.
 NO. 84-5443
 United States Court of Appeals, Sixth Circuit.
 3/18/85
 
 ORDER
 BEFORE: MERRITT, Circuit Judge; and PHILLIPS and PECK, Senior Circuit Judges.
 
 
 1
 Robert L. Brandon appeals pro se from the district court's order in favor of the government in this currency forfeiture case. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Five defendants were arrested at the Nashville, Tennessee airport on charges of conspiracy to import marijuana. Thirty-four thousand for hundred and eight dollars ($34,408) in currency were seized pursuant to the arrest. Brandon challenges the seizure which took nine hundred and seventy-five dollars ($975) from him. The remainder of the funds are not in dispute on this appeal.
 
 
 3
 A hearing was held in the district court at which a co-defendant te tified that Brandon intended to use his $975 to rent a Winnebago vehicle for transporting the marijuana. Brandon testified that the $975 was his own money to be used for hotel and other living expenses while he was in Nashville awaiting the return of the flight bringing the marijuana from South America. The district court found that even if Brandon's testimony was credited, the funds were still intended to be used to facilitate the criminal activity.
 
 
 4
 In a forfeiture case, the government must show probable cause that the funds were intended to be used as part of the criminal activity; the burden then shifts to the claimant to prove that they were not so intended. 21 U.S.C. Sec. 881(a) and (d); 19 U.S.C. Sec. 1615; United States v. $83,320 in U.S. Currency, 682 F.2d 573, 576-7 (6th Cir. 1982); United States v. $22,287 in U.S. Currency, 709 F.2d 442, 446 (6th Cir. 1983). Brandon first challenges the shifting of the burden of proof to the claimant as unconstitutional. Because forfeitures are civil proceedings, Congress can impose the burden of proof on the defendant. United States v. One 1970 Pontiac GTO, 2-Door Hard Top, 529 F.2d 65, 66 (9th Cir. 1976), citing One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 237 (1972).
 
 
 5
 Concerning the actual forfeiture of the funds, intent is the determining factor. United States v. One 1980 Cadillac El Dorado and $43,000 in U.S. Currency, 705 F.2d 862, 863 (6th Cir. 1983). Here Brandon's own testimony indicates that he intended to use the funds for living expenses while he was waiting in Nashville for the return of the marijuana from South America. So the funds clearly were intended to be used to facilitate criminal activity.
 
 
 6
 We have examined Brandon's other issues and find that they are also without merit. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.