UNITED STATES of America,
Appellant,

v.

U.S. CURRENCY $31,828, Appellee.

No. 84–1875.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1985.

Decided April 26, 1985.

Rehearing Denied June 3, 1985.

Juan C. Marrero, Washington, D.C., for appellant.

Anthony Jamison, Rock Island, Ill., for appellee.

Before ROSS and BOWMAN, Circuit Judges, and OLIVER,* District Judge.

ROSS, Circuit Judge.

The United States of America appeals from the judgment of the United States District Court for the Southern District of Iowa denying forfeiture of $31,828 which was seized in connection with arrests for cocaine trafficking. The government contends that the currency was proceeds directly traceable to drug profits in violation of 21 U.S.C. § 881.[1] The district court held that, because the currency was seized in

* The HONORABLE JOHN W. OLIVER, Senior Judge, United States District Court for the Western District of Missouri, sitting by designation.

1. 21 U.S.C. § 881 provides in pertinent part:
(a) Subject property
The following shall be subject to forfeiture to the United States and no property right shall exist in them:

&ast; &ast; &ast; &ast; &ast; &ast;

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, nego-

tiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

&ast; &ast; &ast; &ast; &ast; &ast;

(d) Other laws and proceedings applicable

The provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the

violation of the fourth amendment, the government failed to establish probable cause for forfeiture. For the reasons set forth below, we reverse the district court.

## FACTS

During the period from January 1979 through March 12, 1982, the Drug Enforcement Administration (DEA) conducted an investigation which established John Jetter as a significant source of cocaine in the Clinton, Iowa area. Twice during that time, undercover agents bought two ounces of cocaine from him. On March 11, 1982, Kevin Corbin, a man cooperating with the DEA, bought cocaine from Randall Maniccia, who was also under investigation, using five preserialized $100 bills. On March 12, 1982, local drug enforcement officers obtained warrants to search Jetter's residence. The search warrants authorized officers to search for stolen windows and air conditioners, but not for controlled substances.

Later on March 12, Corbin and Special Agent Brad Thompson of the Iowa Division of Criminal Investigations went to Jetter's house to buy cocaine. They watched him conduct his narcotics business over the telephone, and Jetter told them he needed a computer to keep track of all of his drug deals. Jetter offered to sell Agent Thompson one-half pound of cocaine, and said he could get another one-fourth pound from another source. Jetter told the two men he was traveling to Miami that evening to buy more cocaine, and he directed an associate, in their presence, to arrange flight reservations.

Agent Thompson agreed to buy cocaine, and Jetter suggested they go next door to complete the transaction because Jetter's house was full of people. Before the three left Jetter's house, Jetter went into a room and returned with a clear plastic bag containing a powder later identified as cocaine. Once next door, Jetter gave the bag to Thompson for inspection. Jetter said he had two reliable suppliers in Florida, and quoted a price of approximately $32,000 for one pound of cocaine. Agent Thompson arrested Jetter and seized the cocaine.

Shortly after the arrest, federal and local officers searched Jetter's house pursuant to the warrant obtained earlier in the day. The federal agents mistakenly believed the warrant authorized a search for controlled substances. During the search DEA Agent Thornton forced open a locked safe and seized $31,828 found in the safe. This money included several of the marked bills Corbin had passed to Maniccia the previous day. During the search, the officers also seized a sawed-off shotgun, a "cocaine handbook," telephone records and notebooks containing information indicative of drug trafficking, and several grams of marijuana found in plain view.

On March 31, 1982, John Jetter was indicted on two counts: distribution of 8½ ounces of cocaine, and conspiracy to distribute cocaine. He moved to suppress the evidence seized from his house, charging that the evidence was obtained in violation of the fourth amendment. On June 2, 1982, the district court suppressed most of the evidence, including the $31,828. Nevertheless, on December 10, 1982, the jury

customs laws; the disposition of such property or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under the provisions of this subchapter, insofar as applicable and not inconsistent with the provisions hereof * * *. 19 U.S.C. § 1615, incorporated by 21 U.S.C. § 881(d), provides in pertinent part:

In all suits or actions (other than those arising under section 1592 of this title) brought for the forfeiture of any vessel, vehicle, merchandise, or baggage seized under the provisions of any law relating to the collection of duties on imports or tonnage, where the property is claimed by any person, the burden of proof shall lie upon such claimant; and in all suits or actions brought for the recovery of the value of any vessel, vehicle, merchandise, or baggage, because of violation of any such law, the burden of proof shall be upon the defendant: *Provided,* That probable cause shall be first shown for the institution of such suit or action, to be judged of by the court * * *.

convicted Jetter on both counts, and this court upheld the conviction November 28, 1983. *United States v. Jetter*, 722 F.2d 371 (8th Cir.1983).

On April 26, 1982, the United States filed a complaint for forfeiture against the $31,828, alleging the money was proceeds of cocaine trafficking. On July 8, 1982, Mr. and Mrs. Jetter filed an application for remission and return of the currency. They argued that the earlier suppression precluded the government from seeking forfeiture of the currency in a subsequent civil action. At the January 12 forfeiture hearing, the district court identified the main issue as whether the government could force forfeiture of money which the district court determined had been seized illegally in an unconstitutional search. The court found that the government had established probable cause to believe Jetter was involved in drug trafficking. The court believed, however, that the evidence of the discovery, and indeed the very existence, of the currency must be disregarded, and held that the government thus failed to carry the initial burden of establishing probable cause for forfeiture.

**DISCUSSION:**

█ In a forfeiture action pursuant to 21 U.S.C. § 881, the government has the initial burden of showing that there is probable cause to believe that the property seized is linked to the illegal activity. *United States v. Thirteen Thousand Dollars in United States Currency*, 733 F.2d 581, 584 (8th Cir.1984). The appellant contends that it has met this burden.

█ It is clear that evidence derived from a search which violated the fourth amendment is inadmissible in a forfeiture proceeding. *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 702, 85 S.Ct. 1246, 1251, 14 L.Ed.2d 170 (1965). The

district court correctly held that since the $31,828 found in Jetter's safe was illegally seized, the currency was inadmissible in the forfeiture proceeding.[2] The court went a step further, however, and held that since the currency itself was inadmissible, the government did not meet its initial burden of showing probable cause. The district court did not, however, complete the analysis of probable cause. In our opinion the court's conclusion was incorrect.

█ In *United States v. Eighty-eight Thousand, Five Hundred Dollars*, 671 F.2d 293, 297 (8th Cir.1982), we said that the mere fact that property was seized illegally will not immunize it from forfeiture. Further, that case stated that although any evidence which is the product of such a seizure must be excluded at trial, the forfeiture can proceed if the government can show probable cause with *untainted* evidence. *Id.* (see n. 6). The question not addressed by the district court in this case was whether the government produced sufficient evidence other than the currency and other items suppressed to link the currency to Jetter's illegal drug trafficking. The district court simply held that without the evidence of the currency itself, the government could not show probable cause, and the court failed to rule on whether probable cause was shown by independent evidence. We need not, however, remand this case for further proceedings in the district court for the reason that there is sufficient untainted independent evidence in the record that would require a finding of probable cause.

In *United States v. $93,685.61 in U.S. Currency*, 730 F.2d 571, 572 (9th Cir.), *cert. denied sub nom Willis v. United States*, — U.S. —, 105 S.Ct. 119, 83 L.Ed.2d 61 (1984), the court held, "[c]ircumstantial evidence of drug transactions is sufficient to support the establishment of probable

**2.** Appellant urged at oral argument that the several preserialized $100 bills found among the $31,828 in Jetter's safe should be considered in a probable cause determination. The basis of appellant's contention is that the preserialized bills can be analogized to identifying physical characteristics of a human defendant. As such,

the bills are admissible in evidence despite the fact that the defendant (here, the currency) was illegally "arrested."

Because we believe that sufficient evidence other than the currency exists to establish probable cause for forfeiture, we need not decide whether appellant's analogy has merit.

cause in a forfeiture proceeding. * * * The aggregate of facts in this case gives rise to 'more than mere suspicion' that the currency was furnished or intended to be furnished in exchange for drugs." The government properly relies on the following untainted independent evidence in the trial court record to establish probable cause for forfeiture:

1. July 30, 1981 purchase by Agent Thompson of one ounce of cocaine from Jetter at Jetter's home.

2. November 18, 1981 purchase by Agent Overbaugh of one ounce of cocaine from Jetter at Jetter's home.

3. March 11, 1982 purchase by informant Corbin of cocaine from Maniccia.

4. March 12, 1982 purchase by Agent Thompson of 8½ ounces of cocaine from Jetter.

5. Agent Thompson's March 12, 1982 conversation with Jetter concerning the volume of Jetter's drug business.

6. Informant Corbin helped Jetter purchase the safe in which the $31,828 was found, and Jetter told Corbin that the safe was to be used to store Jetter's drugs and money.

7. Corbin testified that on several occasions he saw Jetter place cocaine in and take cocaine out of the safe and that he also saw Jetter place money from a sale of cocaine in the safe.

The district court correctly determined that the evidence obtained in violation of the fourth amendment must be excluded when considering whether the government showed probable cause to believe the currency was linked to drug trafficking. However, the fact that the money was illegally seized does not immunize it from a forfeiture proceeding.

**CONCLUSION:**

We believe that the government produced sufficient untainted evidence to show probable cause to believe that the $31,828 seized from Jetter's safe was linked to drug trafficking. Therefore, pursuant to 21 U.S.C. § 881(a)(6), the money must be forfeited.

The judgment of the district court is reversed with directions to enter judgment granting forfeiture of the $31,828 to the United States.