**UNITED STATES of America, Plaintiff,**

v.

**$111,980.00 IN U.S. CURRENCY, Defendant.**

No. 86–C–0257.

United States District Court, E.D. Wisconsin.

May 5, 1987.

Jan E. Kearney, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

Thomas E. Brown, Gimbel, Reilly, Guerin & Brown, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, Chief Judge.

## BACKGROUND

On November 1, 1985, a single-engine aircraft piloted and owned by claimant, Marshall Dion, crashed in Kenosha County, Wisconsin. Currency totalling $111,980.00 in $20, $50 and $100 denominations was found strewn around the crash site, having apparently been contained in a paper bag. The Kenosha County Sheriff's Department took possession of this money. In accordance with its standard procedure for responding to crash scenes, the Kenosha County Sheriff's Department examined the pilot's belongings for some indication of the cause of the crash. Included in these belongings was a small notebook containing handwritten entries, various papers, and an O'Haus balance scale. Some of the handwritten entries in the notebook referred to "hash" and "hash oil."

On November 5, 1985, Magistrate Aaron Goodstein issued a seizure warrant for the money, finding probable cause to believe the currency was forfeitable under 21 U.S.C. § 881(a)(6), based on the affidavit of Special Agent Hehr with the Drug Enforcement Agency (DEA). The DEA executed this warrant. The United States then filed a complaint for forfeiture of the money under 21 U.S.C. § 881. Pursuant to this statute, the money at issue is subject to forfeiture if it was "furnished or intended to be furnished ... in exchange for a controlled substance." 21 U.S.C. § 881(a)(6). Marshall Dion has filed a claim for the money and an answer to the government's complaint. Discovery included depositions of Special Agent Hehr and claimant's answers to the government's interrogatories.

This case was placed on the Court's trial calendar, however at the final pretrial conference of November 13, 1986, the parties agreed that this matter could be resolved on stipulated facts and briefs. Pursuant to this format, the parties have submitted briefs in support of their respective positions, and an "Agreed Statement of Facts" signed by government's counsel and claimant's counsel.

## DISCUSSION

### A. Standard for Probable Cause and Burdens of Proof.

The government has the initial burden of showing probable cause for the forfeiture proceeding under 21 U.S.C. § 881(a)(6). *United States v. $84,000.00 in U.S. Currency*, 717 F.2d 1090, 1101 (7th Cir.1983), *cert. denied*, 469 U.S. 836, 105 S.Ct. 131, 83 L.Ed.2d 71. Specifically, the government must demonstrate "the existence of *probable cause for belief* that a substantial connection exists between the property to be forfeited and the ... exchange of a controlled substance." *United States v. $4,255,000.00*, 762 F.2d 895, 903 (11th Cir.1985) (emphasis in original); *see also United States v. One 56–Foot Yacht Named Tahuna*, 702 F.2d 1276, 1281 (9th

Cir.1983); *United States v. $22,287.00 in U.S. Currency*, 709 F.2d 442, 447 (6th Cir. 1983). The overwhelming majority of jurisdictions have adopted the following standard for probable cause in a forfeiture proceeding: "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. $4,255,000.00*, 762 F.2d at 903; *United States v. $93,685.61*, 730 F.2d 571, 572 (9th Cir.1984); *United States v. $83,320.00 in U.S. Currency*, 682 F.2d 573, 577 (6th Cir.1982); *United States v. One 1978 Chevrolet Impala*, 614 F.2d 983, 984 (5th Cir.1980). Further, "circumstantial evidence ... is sufficient to support the establishment of probable cause in a forfeiture proceeding." *United States v. $31,-828.00 in U.S. Currency*, 760 F.2d 228, 230–31 (8th Cir.1985).

■ Once the government meets its burden of showing probable cause, the burden shifts to the claimant to show by a preponderance of the evidence that the property is not subject to forfeiture. *United States v. $84,000.00*, 717 F.2d 1090, 1101 (7th Cir. 1983). If the claimant fails in this regard, the government is entitled to forfeiture of the property. *See United States v. Little Al*, 712 F.2d 133, 137 (5th Cir.1983).

### B. Unrebutted Showing of Probable Cause.

The government proffers the following evidence to establish probable cause for this forfeiture proceeding:

1. the large sum of cash found at the crash site;
2. a scale, commonly used by drug dealers, found at the crash site;
3. a notebook with drug and price notations, found at the crash site;
4. the claimants' lack of employment;
5. the claimant's lack of assets and gifts; and
6. DEA Special Agent William Hehr's expert opinion that the items found at the crash site indicate that the currency at issue was furnished, or was intended to be furnished in exchange for a controlled substance.

In response to the government's position, claimant does not challenge the factual accuracy of the evidence upon which the government bases its probable cause showing. Rather, claimant argues that the government's proffered evidence fails to sufficiently establish the existence of probable cause. Specifically, claimant advances the four following contentions:

1) the government is relying entirely on Agent Hehr's expert opinion, which is mere speculation;

2) the government has failed to show that the "drug records" reflected the entire amount of cash involved here;

3) no drugs were found; and

4) the only individual contacted denied any drug involvement with the claimant.

■ Claimant does not address the implications flowing from the fact that a large sum of cash was found at the crash site. A large sum of cash, in and of itself, is evidence of its use for the purpose of an illegal drug transaction. *United States v. $93,685.61*, 730 F.2d at 572. Nor does he advance any legitimate source for his possession of such a very large amount of cash. Finally, claimant also does not rebut the damaging inference regarding the O'Haus scale.

■ Regarding claimant's argument that the government is relying entirely on Agent Hehr's expert opinion to establish probable cause, the claimant mischaracterizes the government's position before the Court. Apart from Agent Hehr's expert opinion, the government relies on various other circumstantial evidence, to be considered independently and in combination, in support of its position that illegal drug dealing was the likely source of the seized money. Specifically, the documents found at the crash site containing both the words of controlled substances ("hash and hash oil") and numbers which Agent Hehr opined as being consistent with the then current prices of controlled substances are probative of the government's position. The large amount of cash found, the claimant's lack of employment or other source for the funds, and the scale found in the plane are also relied upon by the govern-

ment to establish probable cause. In sum, this evidence, along with Agent Hehr's expert opinion based on his interpretation of the evidence and the surrounding circumstances, form the government's evidentiary position in this action.

 As to claimant's contention that the "drug record" documents found at the crash site fail to reflect the entire amount of cash seized, the government is not required to make such a connection to obtain a forfeiture of seized property. The government need only show that there is "probable cause for belief that a substantial connection exists between the [cash] and the criminal activity." *United States v. $4,255,000.00,* 762 F.2d at 903. Courts have inferred such a connection between a large amount of unexplained cash and illegal drug trafficking based on the circumstantial evidence relative to the seizure of the cash. *United States v. $364,960.00 in U.S. Currency,* 661 F.2d 319, 324 (5th Cir. 1981) (and cases cited therein).

 The fact that no controlled substances were found at the crash site is not fatal to the government's case. If it were, the plain meaning of 21 U.S.C. § 881(a)(6), "[t]he following shall be subject to forfeiture . . .: [a]ll moneys . . . furnished by any person in exchange for a controlled substance" . . ., and "all proceeds traceable to [a narcotics] exchange," would be distorted. Obviously, Congress meant the statute to reach the proceeds of consummated drug deals, a situation in which drugs would not likely be found. *See United States v. $4,255,000.00,* 762 F.2d 895, 903 (11th Cir.1985); *United States v. $13,-000.00 in U.S. Currency,* 733 F.2d 581, 585 (8th Cir.1984); *United States v. One 1980 Cadillac Eldorado,* 705 F.2d 862, 863 (6th Cir.1983).

 The only evidence identified by claimant to rebut the government's proffered evidence is an individual's statement, made in response to the government's inquiry, that neither he nor the claimant are involved in drug trafficking. This individual was named several times in the documents discovered in the claimant's plane. Considering the individual's obvious self-interest at stake, the individual's statement, standing alone, possesses scant probative value to the issue before the Court and is insufficient to overcome the government's showing of probable cause.

## CONCLUSION

For the foregoing reasons, the Court FINDS that the government has shown probable cause for the forfeiture proceedings. The Court FURTHER FINDS that the claimant has failed to establish by a preponderance of the evidence that the $111,980.00 at issue is not subject to forfeiture. The Clerk of Court is DIRECTED to enter judgment in the government's favor.