880 F.2d 415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE (1) 1987 FORD AEROSTAR MINIVAN VIN: 1FTVA14V9H2B21274; Defendant,
Theopolis Dupin, Jr., Claimant-Appellant.
 
 No. 88-2091.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1989.
 Before MERRITT and DAVID A. NELSON, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se claimant appeals the district court judgment of forfeiture entered against his 1987 Aerostar mini-van. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The in rem forfeiture proceeding was filed against the mini-van for its alleged use to transport an unregistered firearm in violation of 49 U.S.C. Sec. 781. Following a bench trial, the district court found that the van was used to transport a sawed-off shotgun and ordered forfeiture pursuant to 49 U.S.C. Sec. 782.
 
 
 3
 Upon review we conclude that the district court's findings are not clearly erroneous. See United States v. One (1) 1966 Beechcraft Baron, No. N242BS, 788 F.2d 384, 388 (6th Cir.1986).
 
 
 4
 Claimant's argument that the plaintiff failed to meet its burden of showing probable cause is without merit. Probable cause to support forfeiture may be established by hearsay evidence or by circumstantial evidence. United States v. 1982 Yukon Delta Houseboat, 774 F.2d 1432, 1434 (9th Cir.1985) (circumstantial evidence); United States v. One 56-foot Motor Yacht Named the Tahuna, 702 F.2d 1276, 1283 (9th Cir.1983) (hearsay evidence).
 
 
 5
 Next, the district court did not err by shifting the burden of proof to claimant. Once the government presents sufficient evidence to show probable cause for the forfeiture, claimant must establish, by a preponderance of the evidence, that the property was not subject to forfeiture. United States v. One (1) 1966 Beechcraft Baron, 788 F.2d at 387.
 
 
 6
 Third, claimant's challenge to the constitutionality of the forfeiture statute was not raised in the district court and lacks merit in any event. See, e.g., United States v. One 1970 Pontiac GTO, 2-Door Hardtop, 529 F.2d 65, 66 (9th Cir.1976).
 
 
 7
 Fourth, the district court did not abuse its discretion by denying claimant leave to present a witness who was not listed as a witness in the final pretrial order. The witness in question was not a rebuttal witness. See Martin v. Weaver, 666 F.2d 1013, 1020 (6th Cir.1981), cert. denied, 456 U.S. 962 (1982). Claimant's ineffective assistance of counsel contention has no merit.
 
 
 8
 Finally, dismissal of the forfeiture proceeding would not be required even if, as alleged by claimant, the van were unlawfully seized. The illegal seizure of the res does not bar a civil forfeiture action. United States v. U.S. Currency $31,828, 760 F.2d 228, 231 (8th Cir.1985).
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.