**UNITED STATES of America, Plaintiff,**

**v.**

**14128 SOUTH SCHOOL STREET, RIVERDALE, ILLINOIS, et al., Defendants.**

**No. 91 C 1702.**

United States District Court, N.D. Illinois, E.D.

Sept. 5, 1991.

Michele Fox, Asst. U.S. Atty., Chicago, Ill., for the U.S.

Michael D. Monico, Barry A. Spevack, Monico, Pavich & Spevack, Chicago, Ill., for Gregory Edwards.

Bruce Matthew Bozich, Clifford Lee Gunter, Law Office of Bruce M. Bozich, South Holland, Ill., for James Cavarretta and Bruce M. Bozich.

David L. Hazan, Margaret Mary Cahill, DeHaan & Richter, P.C., Chicago, Ill., for Ford Motor Credit Co.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter comes before the court on Mr. Gregory Edwards' motion to dismiss the government's verified forfeiture complaint against three pieces of real estate, two automobiles, and three bank accounts. Edwards filed a claim for all items and seeks to dismiss the action under Federal Rule of Civil Procedure Rule 12(b)(6). He claims that the forfeiture action should be dismissed because the government lacked probable cause to seize his property. Edwards further requests that if his motion to dismiss is denied, a hearing be called concerning the seizure of his home. For the following reasons, the motion to dismiss is denied. However, we find that Edwards is entitled to a hearing regarding the future possession of his home.

## BACKGROUND

The United States of America has filed a verified forfeiture complaint against three pieces of real estate, two automobiles, and three bank accounts under 21 U.S.C. § 881(a)(6) and (a)(7). On March 20, 1991 the government first filed an ex parte motion to obtain a judicial determination of probable cause and to file under seal for the seizure of the above mentioned property. The property was allegedly purchased with proceeds from the illegal sale of drugs and narcotics. Accompanying the motion was a forfeiture complaint which provided the government's basis for seizure of the properties as well an affidavit by an Internal Revenue Service (IRS) agent containing information which he obtained through confidential informants. The government further claimed that there was no need for a pre-seizure hearing for any of the property, including the place of residence, because a judicial finding of probable cause is sufficient for seizure of all drug related property. Judge Moran found probable cause and approved the seizure of the properties.

The real estate in question is as follows:

14128 South School Street, Riverdale, IL

1634 Patricia Avenue, Calumet City, IL

14206 South Avalon, Dolton, IL

The automobiles in question are as follows:

One 1987 Chevrolet Corvette, VIN 1G1YY2183H5103156

One 1984 Ford Bronco, VIN 1 FMCU 14S43UA55226

The bank accounts in question are as follows:

Account Number 039–272–4 at the First National Bank of Dolton, IL in the Name of Gregory Edwards

Account Number 042–006–4 at the First National Bank of Dolton, IL in the Name of Gregory Edwards

Account Number 138017620 at the Seaway National Bank, 645 E. 87th St. Chicago, IL, in the Name of Gregory Edwards.

On March 29, 1991, Gregory Edwards filed a claim for all of the property mentioned above, and on April 18, 1991, he filed a motion to dismiss the complaint.

## DISCUSSION

### Standard For a Motion to Dismiss

In order to have a claim dismissed under Rule 12(b)(6), the moving party must meet a high standard. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. Under the "simplified notice pleading" of the Federal Rules of Civil Procedure, the allegations of a complaint should be construed liberally and "the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). Generally, "mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir.1985).

■ When considering a defendant's motion to dismiss the court must view the complaint's allegations in the light most favorable to the plaintiff. *Scheuer v.*

*Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley*, 355 U.S. at 45, 78 S.Ct. at 101–02. All well-pleaded facts and allegations in the plaintiff's complaint must be taken as true, *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 733 (7th Cir.1986), and the plaintiff is entitled to all reasonable inferences that can be drawn therefrom.

## ANALYSIS

### a) Claim that the Plaintiff's Complaint Fails to Establish Probable Cause

In his motion to dismiss, Mr. Edwards claims that the government did not establish probable cause prior to the seizure of his property. He argues that the evidence supporting the seizure was purely circumstantial and that the complaint was "based entirely upon hearsay evidence and is insufficient as a matter of law." (Edwards Motion to Dismiss, p. 1).

■ The determination of probable cause in an ex parte motion is an issue that has been explored thoroughly in many recent cases. In order to establish probable cause, there must be "a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. Edwards*, 885 F.2d 377, 390 (7th Cir.1989). It is important to remember that when establishing probable cause, one is not required to offer absolute evidence of criminal activity. Rather, probable cause is determined when a probable or substantial chance of criminal activity is shown. *Edwards*, 885 F.2d at 383, citing *United States v. Lima*, 819 F.2d 687, 688 (7th Cir.1987).

■ In a forfeiture case such as this one, it is not necessary to prove that a direct connection exists between the criminal activity and the property which is subject to seizure. The court looks at the totality of the circumstances in order to determine probable cause. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 2334, 76 L.Ed.2d 527 (1983). Therefore, the court can rely upon circumstantial evidence to assist in establishing probable cause in a forfeiture case. *United States v. $111,-*

*980.00 in U.S. Currency,* 660 F.Supp. 247, 249 (E.D.Wis.1987), citing *United States v. U.S. Currency $31,828,* 760 F.2d 228, 230–31 (8th Cir.1985). Furthermore, the court can rely upon hearsay evidence when evaluating probable cause. *United States v. 10123 South Crandon Avenue, Chicago, IL,* 1991 WL 30053, 1991 U.S.Dist.LEXIS 2398, p. 3 (N.D.Ill.1991), citing *United States v. Premises Known as 526 Liscum Drive,* 866 F.2d 213, 217 (6th Cir.1989).

Moreover, in drug related forfeiture cases when a "defendant's verifiable income cannot possibly account for the level of wealth displayed and where there is strong evidence that the defendant is a drug trafficker, then there is probable cause to believe that the wealth is either a direct product of the illicit activity or that it is traceable to the activity as proceeds." *Edwards,* 885 F.2d at 390 (citation omitted).

■ Applying the above law to the plaintiff's complaint, the evidence of probable cause is overwhelming. Through IRS records, the affidavit of Special IRS Agent Joseph Petrizzo, Edwards' own statements, statements made by family members, as well as information from a confidential informant, the government supplies the following extensive evidence.

To begin, Edwards claims that between the years 1977 and 1986, years in which he failed to file a tax return, he was working at his friend's garage making only "enough money to eat." However, during these years, the government claims that Edwards acquired approximately $550,000 worth of assets composed of realty and automobiles. Then in 1987 and 1988, Edwards filed a tax return and claimed to have earned a total of $71,000 over the two-year period.

The government further alleges that Edwards engaged in a "number of very large financial transactions in a manner designed to conceal his identity and to avoid the federal currency transaction reporting ("CTR") requirements." (Plaintiff's Response at p. 3) For instance, Edwards allegedly purchased a 1987 Corvette with $30,000 cash, which he carried in a paper bag, and then proceeded to title the automobile in his sister's name. The government contends that Edwards' sister was unaware of Edwards' arrangement and has never seen the vehicle.

Furthermore, the government believes that Edwards purchased real estate using cashier's checks and laundered money through local banks, deliberately making each transaction just under the $10,000 CTR requirement. The government asserts that Edwards used cashier's checks and money orders totalling $200,000 to purchase an apartment building at 14128 School Street in Riverdale, Illinois and cashier's checks totalling $129,900 to purchase an apartment building at 1634 Patricia Avenue, Calumet City, Illinois. The government claims that drug dealers frequently engage in similar types of transactions in an effort to conceal their illicit gains.

Although Edwards had has no stable employment for many years, the government presents evidence that he maintained three different bank accounts which he lied about to Special Agent Petrizzo. The government believes that Edwards invested the rent money from his apartment buildings in these accounts.

In sum, it is clear that the government has established probable cause for the seizure of Edwards' property. The fact that much of the evidence is circumstantial and acquired through hearsay is irrelevant because the court is free to rely upon such evidence to find probable cause. For the reasons stated above, the motion to dismiss the complaint against the property is denied.

b) Whether Seizure of A Home Without a Hearing is Constitutional

■ This is an issue which has yet to be addressed by the Seventh Circuit Court of Appeals. In addition, it appears to be an issue of first impression in the Northern District of Illinois. Before addressing the specifics of this case, it is important to examine the evolution of this debate as well as the rationale which makes the home a more sacred piece of property than any other. The Fifth Amendment due process

clause "requires notice and an opportunity to be heard" prior to the seizure of property. *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 1998, 32 L.Ed.2d 556 (1972); *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287 (1970); *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 1823, 23 L.Ed.2d 349 (1969). *See also United States v. Premises and Real Property at 4492 South Livonia Rd.,* 889 F.2d 1258, 1263 (2nd Cir.1989). There are, however, instances when extraordinary circumstances nullify one's right to pre-seizure notice. In *Fuentes,* the Supreme Court formulated three criteria which must be met in order to verify that such circumstances exist. The Court explains:

> First, in each case, the seizure has been directly necessary to secure an important governmental or general public interest. Second, there has been a special need for very prompt action. Third, the State has kept strict control over its monopoly of legitimate force: the person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in this particular instance.

*Fuentes,* 92 S.Ct. at 2000. The Supreme Court has further refined the second requirement which helps define when seizure without a hearing is acceptable in civil in rem forfeiture proceedings. In order to require prompt action, one has to prove that the seizure without a hearing will prevent further unlawful activity related to the property and the seizure is required to ensure that the subject property cannot be dissipated or concealed. *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 2089, 40 L.Ed.2d 452 (1974); *See also United States v. Parcel I, Beginning at Stake,* 731 F.Supp. 1348, 1353 (S.D.Ill.1990). Applying the above standard, the seizure of Edwards' property was necessary to prevent its sale, dissipation or re-allocation.

However, the seizure of the home is distinguishable from seizure of other property and requires special consideration. Within his home an individual expects privacy and freedom from external intrusion, and this expectation is protected by the Fourth Amendment of the Constitution. *Livonia,* 889 F.2d at 1264, citing *United States v. Karo,* 468 U.S. 705, 104 S.Ct. 3296, 3302, 82 L.Ed.2d 530 (1984). Furthermore, it has been found that "exigent circumstances (as described in *Fuentes*) could virtually never exist which required the seizure of a home prior to notice and a hearing." *United States v. Leasehold Interest in Property etc.,* 743 F.Supp. 505, 510 (E.D.Mich.1990). *See also Livonia,* 889 F.2d at 1265.

Because of the nature and function of a home, many courts have found that seizure of a home without a hearing violates one's due process rights. The Second Circuit Court of Appeals and district courts in the Fourth, Sixth, and Seventh circuits have found that the seizure of a home without a hearing is unlawful. *Livonia,* 889 F.2d at 1265; *United States v. 141st Street Corp.,* 911 F.2d 870, 875 (2d Cir.1990); *Richmond Tenants Organization, Inc. v. Kemp,* 753 F.Supp. 607, 609–10 (E.D.Va.1990); *Leasehold Interest,* 743 F.Supp. at 510; *Parcel I.,* 731 F.Supp. at 1353; *United States v. All Right, Title and Interest in Real Property and Buildings known as 2400 Moran Avenue, 2343 Bruner Avenue, 3581 Laconia Avenue, Bronx, New York,* 1991 WL 4545, 1991 U.S. Dist. LEXIS 318, p. 3–4 (S.D.N.Y.1991); *United States v. One Parcel of Property Located at 4 Anderson Road, Wallingford, Ct., With All Appurtenances and Improvements Thereupon,* 1991 WL 47343, 1991 U.S. Dist. LEXIS 3877, p. 2 (D.Conn.1991).

In addition, the Third Circuit Court of Appeals seems inclined to follow the Second Circuit's position which was established in *Livonia.* Though stopping short of making a definitive statement concerning a claimant's right to a hearing concerning the seizure of her home, the court did state that "the government's seizure of [the claimant's] home pursuant to section 881 without notice and a hearing may have been unlawful." *United States v. A Parcel of Land, Buildings, Appurtenances, and Improvements Known as 92 Buena*

**480**

*Vista Ave., Rumson, New Jersey*, 937 F.2d 98, 101 (11th Cir.1991).

On the other hand, the Eleventh Circuit Court of Appeals did not come to the same conclusion when it explored the issue of the right to a hearing in 1986. In *United States v. A Single Family Residence and Real Property*, 803 F.2d 625 (11th Cir. 1986), the Court found that a hearing was unnecessary before any seizure of property, including the home. *Id.* at 628–29. However, unlike the cases following the majority position established in *Livonia*, the Eleventh Circuit did not address the distinction between the home and the rest of an individual's property.

In sum, aside from the Eleventh Circuit, the majority of the courts who have addressed this issue have found that a hearing concerning seizure of the home is necessary to protect an individual's Fourteenth Amendment due process rights. Because we feel that the role and the function of the home merits special consideration, we agree with the majority of courts.

Here, the government has allowed Mr. Edwards to reside in his home. Therefore, there has been no seizure in the real sense, and a hearing at this point will protect the claimant's due process rights. Accordingly, a hearing is ordered.