**RICHMOND TENANTS ORGANIZATION, INC., et al., Plaintiffs,**

v.

**Jack KEMP, Secretary of Housing and Urban Development, et al., Defendants.**

**Civ. A. No. 3:90CV00346.**

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 19, 1990.

Henry McLaughlin, III, Anne Bright Holton, Cent. Virginia Legal Aid Soc., Richmond, Va., for plaintiffs Richmond Tenants Organization, Teresa W. Hopson, Mamie E. Robinson, Shirley Washington, Resident Advisory Bd. of Housing Authority of Baltimore, Elizabeth Wright and Nat. Tenants Organization.

Alexander H. Slaughter, John William Boland, William G. Broaddus, George Keith Martin, McGuire, Woods, Battle & Boothe, Richmond, Va., for defendant Richmond Redevelopment and Housing Authority.

Robert W. Jaspen, Gurney Wingate Grant, Office of U.S. Atty., Richmond, Va., for defendant Housing and Urban Development, Sec. of and Atty. Gen. of U.S.

Robert W. Jaspen, Gurney Wingate Grant, Office of U.S. Atty., Richmond, Va., and Mark Batten, U.S. Dept. of Justice, Washington, D.C., for defendant U.S. Dept. of Justice.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on cross-motions for summary judgment, pursuant to Fed.R.Civ.Proc. 56. On the basis of the pleadings, supporting briefs, and arguments made at the December 14, 1990 hearing, the Court hereby GRANTS the plaintiffs' motion for summary judgment, DENIES its renewed motion for class certification, and DENIES the defendant's motion for summary judgment.

### Factual and Procedural History

On June 15, 1990, plaintiffs instituted a constitutional and statutory challenge of the "National Public Housing Asset Forfeiture Project" on their own behalf and on behalf of the nationwide class of public housing residents. The Forfeiture Project, jointly developed by the Department of Housing and Urban Development ("HUD") and the Department of Justice ("DOJ"), authorizes the government to seize the homes of public housing tenants without prior notice and an opportunity to be heard if any leasehold resident is suspected of drug-related activity. The plaintiffs requested declaratory and preliminary and permanent injunctive relief and applied for a temporary restraining order to prevent government officials from implementing the Project.

Three days later, this Court preliminarily enjoined the government from evicting, without prior notice and an opportunity to be heard, household members of public housing units whose leaseholds had been seized by the government. The government was permitted to continue executing warrants of arrest in rem, seizure warrants, and writs of entry. The Court provisionally denied the plaintiffs' motion for class certification but on June 22, 1990, extended its June 18, 1990 order to the prospective class of nationwide public housing tenants. The Court specified that its order did not affect the authority of officers of the Department of Justice to seek the immediate eviction of household members in exigent circumstances.

Government seizure of public housing leaseholds is authorized by Title 21 U.S.C. § 881(a)(7), which subjects to forfeiture "[a]ll real property ... (including any leasehold interest) ... which is used, or intended to be used ... to commit, or facilitate the commission of, a violation of this

title punishable by more than one years' imprisonment." The statutory provision prohibits forfeiture if the criminal act or omission occurred without the knowledge or consent of that owner. There are no procedural rules specifically designed for use in § 881 civil forfeiture actions. Under § 881(b), the government may seize property under three summary procedures, utilizing rules of more general application. The government has relied on the third procedure outlined in § 881(b) to seize public leaseholds in which drug activity has allegedly occurred: requesting the issuance of a seizure warrant in accordance with Fed.R. Crim.Proc. 41, which requires an ex parte probable cause determination by a judicial officer.

*Analysis*

■ The small but growing body of case law on forfeiture of public leaseholds under § 881(a)(7) establishes that no-notice removal of tenants without a predeprivation hearing violates the constitutional right of due process. *United States v. Premises and Real Property Located at 4492 S. Livonia Rd.*, 889 F.2d 1258, 1264 (2d Cir.1989); *reh. den.* 897 F.2d 659 (2d Cir.1990); *Application of Kingsley*, 802 F.2d 571 (1st Cir.1986); *United States v. A Leasehold Interest ... at 850 S. Maple, Ann Arbor, Mich.*, 743 F.Supp. 505 (E.D. Mich.1990); *United States v. Parcel I Beginning at a Stake*, 731 F.Supp. 1348 (S.D. Ill.1990). The U.S. Supreme Court established in *Fuentes v. Shevin* that procedural due process requires notice and an opportunity to be heard before the State authorizes its agents to seize property, except in "extraordinary situations." Such extraordinary situations must meet three criteria: 1) the seizure must be directly necessary to secure an important governmental or general public interest; 2) there must be a special need for very prompt action; and 3) the person initiating the seizure must be a government official responsible for determining, under the standards of a narrowly drawn statute, that seizure is necessary and justified in the particular instance. 407 U.S. 67, 91, 92 S.Ct. 1983, 1999, 32 L.Ed.2d 556 (1972). In the context of civil

in rem forfeiture proceedings, the Supreme Court has further refined the second *Fuentes* requirement. To make the required showing that there be a need for very prompt action the government must show either that: 1) the pre-hearing seizure is required to prevent further unlawful activity related to the property, or 2) the pre-hearing seizure is required to prevent dissipation or concealment of the property. *United States v. Parcel I*, 731 F.Supp. at 1352, citing *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 679, 94 S.Ct. 2080, 2089, 40 L.Ed.2d 452 (1974).

■ The government's no-notice removal of tenants in public housing in order to prevent suspected drug-related activity does not satisfy any of these criteria. The federal defendants claim that no-notice seizures serve the important public interest of preventing further drug sales on the property while the forfeiture action is pending and protecting the law enforcement officers who seize the property. The defendants further contend that this risk of continued drug activity constitutes a special need for prompt action.

However, numerous courts have determined that *homes* are distinctly different legal entities in the property forfeiture context. Unlike cars, yachts, and airplanes, more typical examples of property confiscated in order to prevent continued drug activity, a home is immobile, and thus not likely to be hidden or moved after notice. *Livonia*, 889 F.2d at 1265. Consequently, "exigent circumstances could virtually never exist which required the seizure of a home prior to notice and a hearing." *U.S. v. Property at 850 S. Maple, Ann Arbor, Mich.*, 743 F.Supp. at 510.

More importantly, "an individual's expectation of privacy and freedom from governmental intrusion in the home merits special constitutional protection." *Livonia*, 889 F.2d at 1264, citing *United States v. Karo*, 468 U.S. 705, 714, 104 S.Ct. 3296, 3302, 82 L.Ed.2d 530 (1984). Courts have traditionally distinguished between personal property and a home, affording the latter far greater protection under the law. *U.S. v.*

*Property at 850 S. Maple,* 743 F.Supp. at 510.

The federal defendant argues that the magistrate's *ex parte* probable cause determination, *together* with the post-deprivation adversarial hearing to which a tenant is entitled, satisfies the Constitution's due process requirement.· The constitutional adequacy of the preseizure ex parte procedure afforded tenants turns on a balancing of three considerations: 1) the significance of the property interest at stake; 2) the risk of an erroneous deprivation through the procedures used and the probable value of additional procedural safeguards; and 3) the government's interest in pre-notice seizure, including the avoidance of burdensome additional procedures. *Mathews v. Eldridge,* 424 U.S. 319, 334–335, 96 S.Ct. 893, 902–903, 47 L.Ed.2d 18 (1976).

As noted above, ex parte probable cause hearings administered prior to seizure of public leaseholds do not provide sufficient constitutional protection of tenants' expectations of freedom and privacy in their homes. Moreover, "although an ex parte probable cause determination before a judicial officer reduces the possibility of an erroneous deprivation, preseizure notice and an opportunity to be heard would certainly further minimize that risk." *Livonia,* 889 F.2d at 1265. The plaintiffs contend that the risk of erroneous deprivation is high and support their contention with evidence of erroneous seizures based on insufficient or stale evidence and mistaken identification of the leaseholder. *See* Plaintiffs' Memorandum in Support of Summary Judgment, p. 15–19; Stipulations 75, 77, 80, 81, 84. Without an adversarial hearing at which the accused can confront and cross-examine his accusers, the accused has no means of ferreting out mistaken or deliberately false testimony. The seizure warrant issued under the current ex parte procedure is based on information provided in written affidavits and is often not the personal knowledge of the sworn affiant.

Again, the government claims that pre-notice seizures serve the important purposes of preventing further use of the property as an instrumentality of crime and protecting law enforcement officers from possible violence. However, as the Court explained in *Livonia,* "the government's interest in this context is the narrow one of obtaining pre-notice seizure of a fixed item like a home, not the broad interest of enforcing the drug laws, since the latter will also be served by forfeiture after an adversary proceeding". 889 F.2d at 1264. Moreover, the broad interest in deterring drug dealing will be established whether or not the seizure occurs before or after an adversarial proceeding. *United States v. Parcel I,* 731 F.Supp. at 1353.

The eviction of an entire household prior to a formal judicial finding that forfeiture is justified constitutes a harm of major proportions. To be rendered homeless for several months or more while a civil forfeiture action is pending may be traumatic and permanently damaging. Under the civil forfeiture statute, the Government can not act in a manner which irrevocably alters a claimant's right to their property before winning a hearing on the merits. *United States v. A Leasehold Interest In Property Located at 850 S. Maple,* 743 F.Supp at 510, n. 7.

The Court has ordered permanent injunctive relief and corrective action in the form of a supplemental letter to all public housing authority leaseholders informing them that forfeiture of public housing leaseholds without prior notice and a hearing is unlawful. Because this relief affects the defendant's conduct regardless of whether the class is certified, the plaintiffs' renewed motion for class certification is DENIED.

It is so ORDERED.