107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charlotte JUIDE, Plaintiff-Appellant,
v.
CITY OF ANN ARBOR, MICHIGAN, Robert Lane, and Tony P.
Williams, Defendants,
and
A. George Best, II, and Stephen J. Markman, Defendants-Appellees.
 No. 95-1822.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1997.
 
 Before: RYAN and BATCHELDER, Circuit Judges, and MILES, District Judge.*
 BATCHELDER, Circuit Judge:
 
 
 1
 Plaintiff Charlotte Juide sued the city of Ann Arbor, Michigan; Stephen Markman, the United States attorney for the Eastern District of Michigan; George Best II, an assistant United States attorney; and Robert Lane and Tony Williams, both Ann Arbor police officers, in the United States District Court for the Eastern District of Michigan. The district court granted in part a motion by Markman and Best to dismiss, Juide v. City of Ann Arbor, 839 F.Supp. 497, 508 (E.D.Mich.1993), and later dismissed the remaining claims against them. The plaintiff appeals.
 
 I. BACKGROUND
 A. THE COMPLAINT
 
 2
 In April 1990, Markman and Best filed a complaint for civil forfeiture in rem against real property which was leased to the plaintiff, alleging that she used it to facilitate the distribution of cocaine. See 21 U.S.C. § 881(a)(7) (Supp.1996). Pursuant to the complaint and the statutory procedures, a federal magistrate judge issued a seizure warrant, and the plaintiff was removed from the premises. See generally Juide, 839 F.Supp. at 499; United States v. Leasehold Interest in Property at 850 S. Maple, Ann Arbor, Mich., 789 F.Supp. 1385 (E.D.Mich.1992) (granting Equal Access to Justice Act fees); United States v. Leasehold Interest in Property at 850 S. Maple, Ann Arbor, Mich., 743 F.Supp. 505 (E.D.Mich1990) (considering the validity of forfeiture). The district court eventually dismissed that action as moot in June 1991, because Juide had moved from the South Maple Street address. 789 F.Supp. at 1388.
 
 
 3
 The facts giving rise to the action before us are set out in the district court's opinions and need not be repeated here. 839 F.Supp. at 499; 789 F.Supp. at 1387; 743 F.Supp. at 506-07. The first amended complaint, which sought money damages for alleged federal and state constitutional violations and state law claims arising out of the civil forfeiture action, has eight counts, six of which name defendants Markman and Best. Counts II through IV raise federal constitutional claims. Counts II and IV, brought under § 1983 and Bivens[1] respectively, allege that Markman and Best conspired with the city of Ann Arbor and its police department, including Lane and Williams, to deprive plaintiff of various federal constitutional rights. Count III is a Bivens claim, alleging Markman and Best deprived the plaintiff of Fifth Amendment rights. Count VI alleges that Markman and Best conspired with Ann Arbor, Lane, and Williams to deprive the plaintiff of state constitutional rights. Count VII alleges conspiracy among all defendants to invade the plaintiff's privacy, while Count VIII alleges intentional infliction of emotional distress by all defendants.
 
 B. PROCEDURAL HISTORY
 
 4
 * In December 1993, the district court held that Markman and Best were entitled to absolute immunity for their role in initiating the forfeiture proceeding and participating in the seizure warrant process, 839 F.Supp. at 502-03, and for opposing the plaintiff's motions in United States v. Leasehold Interest in Property at 850 S. Maple, Ann Arbor, Mich., 743 F.Supp. 505 (E.D.Mich1990). 839 F.Supp. at 503-04. However, the court refused to grant them absolute immunity on the charge that they conspired with the Ann Arbor police by giving them legal advice. Id.[2]
 
 
 5
 The court further held that Markman and Best were entitled to qualified immunity on Count III, the claim involving their alleged role in issuing a seizure warrant without prior notice and opportunity to contest the issue of probable cause. Id. at 505. They were also granted qualified immunity on the plaintiff's "claim that she had 'the right not to have a prosecutor circumvent the privilege against self-incrimination by invoking a civil remedy to enforce a criminal statute....' " Id. at 505, 506. Moreover, the court held that "a civil forfeiture proceeding is not barred simply because it may implicate an individual's privilege against self incrimination...." Id. at 506.
 
 
 6
 Turning to the state-law claims, 839 F.Supp. at 506, the district court substituted the United States as a party for Markman and Best under the Westfall Act, 28 U.S.C. § 2679, which amended the Federal Tort Claims Act, and dismissed those claims, directing Juide, pursuant to 28 U.S.C. § 2675, to "file a claim with the appropriate federal agency and exhaust her administrative remedies before seeking judicial relief...." 839 F.Supp. at 507. The court rejected Juide's contention that the Westfall Act is unconstitutional. Id.
 
 2
 
 7
 Early in 1994, the district court allowed the plaintiff to amend Counts II and IV of her complaint to allege overt acts in which Markman and Best gave legal advice to Ann Arbor police officers. The first amended complaint is in all other respects virtually identical to the initial complaint. Markman and Best moved to dismiss the first amended complaint, and after oral argument and a bench ruling, the district court issued a written order dismissing the suit in its entirety against these defendants. The court held that the defendants were entitled to qualified immunity on Counts II and IV as amended, both because the plaintiff had failed to plead facts that met the heightened pleading standard required when qualified immunity is raised as a defense and because the right that the plaintiff claimed the defendants violated was not clearly established at the time of the alleged violation. The court further held that the United States must be substituted as a party with regard to Count VI, the state constitutional claim, and dismissed that claim, both for failure to exhaust administrative remedies as required by 28 U.S.C. § 2675, and because the claim is not cognizable in Michigan.
 
 II. DISCUSSION
 
 8
 * Juide contends the district court erred in substituting the United States as a party with regard to the state law claims. She first asserts that the Westfall Act is unconstitutional, because it goes beyond Westfall v. Ervin, 484 U.S. 292 (1988). Citing Westfall, 484 U.S. at 297, Juide says that a statute such as the Westfall Act which shields federal officials from state-law tort liability without regard to whether the alleged tortious conduct is discretionary does not further effective governance and, therefore, exceeds Congress's authority under the Necessary and Proper Clause, U.S. CONST. art. I, § 8, cl. 18, or Congress's other enumerated powers. Id. § 8.[3] Plaintiff cites as her authority the Westfall Court's holding that "[b]ecause it would not further effective governance, absolute immunity for nondiscretionary functions finds no support in the traditional justification for official immunity." 484 U.S. at 297.
 
 
 9
 Congress responded to Westfall with the Westfall Act, 28 U.S.C. § 2679, "to 'provide for the substitution of the United States as a defendant in an action where a federal employee is sued for monetary damages arising from a common law tort allegedly committed by the employee acting within the scope of his ... employment.' " 839 F.Supp. at 506 (quoting Arbour v. Jenkins, 903 F.2d 416, 419-20 (6th Cir.1990)). Indeed, as the Supreme Court noted in Gutierrez de Martinez v. Lamago, 515 U.S. ----, ----, 115 S.Ct. 2227, 2232 (1995), "[t]he Westfall Act trained on this objective: to 'return Federal employees to the status they held prior to the Westfall decision.' " (quoting H.R.Rep. No. 100-700, p. 4 (1988)).
 
 
 10
 The district court rejected the plaintiff's contention that the Westfall Act is unconstitutional, explaining that in combination with 28 U.S.C. § 1346(b), the Act defines when "the United States can be sued for the tortious actions of an employee." 839 F.Supp. at 507. The court also noted, correctly, that this circuit has implied that the Westfall Act is constitutional. Id. (citing Arbour, 903 F.2d at 420 (responding to--but not explicitly refuting--a contention that the act is unconstitutional by stating that the Eleventh Circuit has said that the "great weight of authority upholds" the act (citation omitted))). The court below went on to hold that the statute does not violate the Necessary and Proper Clause. Id. (quoting U.S. CONST. art. I, § 8[, cl. 18] ).
 
 
 11
 The plaintiff contends that the Westfall Act is unconstitutional under Westfall because it shields federal officials from state-law tort liability without regard to whether the alleged tortious conduct is discretionary. But what Westfall held was that "absolute immunity for nondiscretionary functions finds no support in the traditional justification for official immunity." Id. at 297. Westfall does not hold that "absolute immunity for nondiscretionary functions" would be unconstitutional. When the Supreme Court holds that something is unconstitutional, that is the end of the matter. Congress may not legislatively overrule such a declaration. However, when the Court merely holds that current law does not permit something, Congress may enact, or not enact, that something, as it chooses. Cf. Marbury v. Madison, 5 U.S. (1 Cranch) 137, 176-78, 180 (1803).
 
 
 12
 The Westfall Act immunizes federal employees and provides the circumstances under which the United States shall be substituted as a party. See 28 U.S.C. § 2679(b, d). Because Markman and Best were acting within the scope of their offices or employment at the time of the alleged incident,[4] the district court properly substituted the United States as a party. See id. § 2679(d)(1). The plaintiff's insistence that Markman and Best exercised nondiscretionary functions is immaterial, because the Westfall Act does not distinguish between discretionary and nondiscretionary (or ministerial) functions. See id. § 2679(b, d). Finally, the district court's dismissal of Juide's state law claims for failure to exhaust administrative remedies was entirely correct. See 28 U.S.C. § 2675. The judgment of the district court with regard to Counts VI, VII and VIII is affirmed.
 
 B
 
 13
 Juide also asserts that the district court erred in granting absolute immunity to Markman and Best on the federal constitutional claims, Counts II, III and IV. She contends "that 21 U.S.C. § 881(a)(7), which ostensibly permits seizure of a leasehold without notice and opportunity to be heard, is unconstitutional and as such, provides no protection to the defendants...." This claim as expressed in Juide's brief is far from clear, and we are uncertain whether she urges the view that the statute itself is unconstitutional, or that the statute was simply unconstitutionally applied in this instance. In either event, the prosecutors are entitled to absolute immunity. As the Supreme Court has made clear beginning with Imbler v. Pachtman, 424 U.S. 409 (1976), a prosecutor is entitled to absolute immunity for his actions taken within the scope of his prosecutorial duties, because to deny such immunity would be to undermine his ability to perform his job with courage and independence. Id. at 423-24. The rationale used by the Court in Imbler to support its holding that a prosecutor, regardless of his motives for initiating and pursuing an action, is absolutely immune from suit for malicious prosecution, is at least equally applicable to hold that a prosecutor is absolutely immune from suit for damages claimed to result from a prosecution under a statute later held to be unconstitutional. See Smith v. McCann, 381 F.Supp. 1027, 1028-29 (E.D.Wis.1974) (holding that prosecutors were immune when they complied with state laws which the plaintiff challenged as unconstitutional).
 
 
 14
 Juide then contends there is no absolute immunity for the prosecutors handling this civil-forfeiture action, because there was no probable cause to arrest the plaintiff. The Third Circuit has held in an opinion on which the district court relied, see 839 F.Supp. at 502-03, there is such immunity. See Schrob v. Catterson, 948 F.2d 1402, 1413 (3d Cir.1991) ("We find that Catterson's actions in initiating the in rem prosecution in this case are protected by absolute immunity."); see also Ehrlich v. Giuliani, 910 F.2d 1220, 1223-24 (4th Cir.1990) (absolute immunity in a RICO action). The Third Circuit in Schrob painstakingly explained the differences between the actions of a prosecutor seeking a search or arrest warrant in the context of a criminal proceeding, and those of a prosecutor seeking a seizure warrant in an in rem civil forfeiture action. Schrob, 948 F.2d at 1414-16. We cannot improve upon that discussion, and we see no benefit to repeating it. We do, however, emphasize the Schrob court's conclusion:
 
 
 15
 We believe that under the unique procedures of forfeiture, the seizure warrant is an integral part of the forfeiture complaint and the decisions to file the complaint and seek the warrant should be considered as one.... [W]e hold that a prosecutor seeking a seizure warrant is performing 'the preparation necessary to present a case' and such preparation in encompassed within the prosecutor's advocacy function.
 
 
 16
 Id. at 1416. We agree with the Third Circuit's reasoning, and accordingly, we hold that absolute immunity extends to protect prosecutors' actions in initiating in rem civil forfeiture actions.
 
 
 17
 Finally, Juide contends "there is no absolute immunity for prosecutors assisting police officers in preparing an affidavit for an ex parte seizure warrant." Juide attempts to characterize the actions of the defendants here as giving advice to the police, an activity to which the Supreme Court declined to extend absolute immunity in Burns v. Reed, 500 U.S. 478 (1991).
 
 
 18
 In the circumstances of Juide's case, it is clear that, regardless of her attempt to characterize the actions of these defendants as "giving legal advice" to the city police, Juide is in fact claiming that the defendants participated in the preparation of the affidavit supporting the warrant.[5] As the Schrob court explained, when the government elects to proceed under Rule C(3) of the SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS, as the government did in this case, the seizure warrant "is a necessary first step in the statutory forfeiture process. The in rem complaint and the seizure warrant are intimately connected--one follows the other and effectuates it." Schrob, 948 F.2d at 1416. Thus the defendants' actions of which Juide complains here were part of the preparation of the seizure warrant. It is not necessary for us to address, and we therefore do not address, the ostensible issue of absolute immunity of a prosecutor for "assisting police officers in preparing an affidavit for an ex parte seizure warrant."
 
 C
 
 19
 Plaintiff also contends that the district court erred in granting Markman and Best qualified immunity on the federal constitutional claims. We think that it is clear that these defendants are entitled to absolute immunity for all of their actions with regard to initiating and prosecuting the civil forfeiture action, and seeking and obtaining the seizure warrant, and it is therefore unnecessary to address the district court's qualified immunity holding. To the extent, however, that the plaintiff attempted to plead facts that would tend to show actions by these defendants not properly characterized as being intimately associated with the prosecution of the forfeiture action, we conclude that the district court correctly ruled that she failed to do so. See Veney v. Hogan, 70 F.3d 917, 921-22 (6th Cir.1995) (holding that when plaintiff amends his complaint in response to a motion to dismiss raising the defense of qualified immunity, he must include specific, non-conclusory allegations of fact.)
 
 
 20
 The judgment of the district court dismissing Counts II through IV is affirmed.
 
 III. CONCLUSION
 
 21
 For the foregoing reasons, the judgment of the district court dismissing the first amended complaint as to defendants Markman and Best is AFFIRMED.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation, 403 U.S. 388 (1971)
 
 
 [2]
 The court did not consider in December 1993 whether they were entitled to qualified immunity on this claim, because they had not raised the issue. 839 F.Supp. at 506. The court later held that they were entitled to qualified immunity. Infra Part I.B.2
 
 
 [3]
 Juide also contends that the Westfall Act attempts to pre-empt state law, but that a federal statute cannot pre-empt state law if it "is not made in pursuance of the Constitution." This argument collapses along with her constitutionality argument
 
 
 [4]
 Plaintiff also contends that because 28 U.S.C. § 881 is unconstitutional, Markman and Best were not acting within the scope of their employment, and therefore, the certificate of scope of employment was erroneous, and the United States should not have been substituted as a party. Plaintiff is correct that the scope-of-employment certification is judicially reviewable, see Gutierrez de Martinez, 515 U.S. at ----, 115 S.Ct. 2229-30. However, the plaintiff is plainly wrong that the certification in this case was erroneous
 
 
 [5]
 Although Juide's first amended complaint raised other allegations of conspiracy between the Ann Arbor Police and the federal defendants, Juide has not mentioned them in her brief. Accordingly, we conclude that they have been abandoned